22 C. C. P. A. (Patents)

## In re STRUBINGER.

### Patent Appeal No. 3394.

Court of Customs and Patent Appeals.
March 25, 1935.

John D. Rippey and Lawrence C. Kingsland, both of St. Louis, Mo. (John H. Cassidy, of St. Louis, Mo., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner denying, for want of invention in view of the prior art, the two claims (numbered 9 and 10) of appellant's application for patent entitled "Collision Demonstrating Devices."

Claim 10 is quoted as typical: "10. A device of the character described comprising a support having two designated central lines intersecting each other at right angles and having designated coorthogonal lines at opposite sides of said central lines indicating distances from said central lines respectively, a number of elements mounted on and extending above said support and adjustable to cooperative relation with said last named lines to indicate the curbs and sides of streets, devices mounted on and extending above said support to represent car and train tracks in proper relation to said curbs and sides, and a number of vehicle images adjustable on said support and said tracks to indicate the positions of vehicles involved in collisions and accidents according to said lines."

The references cited are: Marshall, 1,-625,041, April 19, 1927; Furber, 1,633,402, June 21, 1927; Harrington (Br.), 235,703 of 1925.

Appellant's device is intended primarily for use in demonstrating the physical surroundings of points at which collisions between vehicles occur, together with the positions of the colliding vehicles. It comprises members adjustable to represent and demonstrate the arrangement of street intersections and places along streets and roads, in combination with models designed and arranged to represent vehicles, which models, when adjusted with respect to the other parts of the device, also represent and demonstrate the vehicles in collision.

In other words, it is proposed to make possible a physical reproduction, as in a courtroom for example, of the elements or features of vehicle collisions, to the end, as recited in the specification, that "it may be more easily determined which party was at fault." A photographic apparatus is provided, but this is not included in the claims.

The brief for appellant describes the device as follows: "Appellant's device comprises a supporting member having two designated central lines intersecting each other at right angles and having designated coorthogonal lines at opposite sides of said central lines indicating distances from said central lines, respectively, in combination with a number of three-dimensional elements mounted on and extending above said support and adjustable to cooperative relation to said coorthogonal lines to indicate the curbs and sides of streets, and a number of three dimensional devices mounted on and extending above said support to represent car and train tracks in proper relation to said curbs and sides."

Each of the cited reference patents has the same objective as that of appellant's device. The patent to Marshall is the basic reference. Of Marshall's disclosure, the Board of Appeals says: " * * * Marshall discloses a device for the same purpose as applicant's device, the device comprising a surface divided by parallel transverse lines and by parallel lines at right angles to the first lines. To facilitate the location of elements on the surface the lines are numbered horizontally and lettered vertically beginning in the upper lefthand corner. By means of heavy lines the surface is laid off to represent different forms of street intersections, lines being also used to represent car tracks. In connection with this surface there are provided elements representing various types of vehicles."

Harrington and Furber seem to have been cited principally because of their showing of certain elements, some designed to represent vehicles and others designed to represent the corners of curbs.

The points of difference between the respective devices of Marshall and appellant seem to be three in number, viz.: (1) Appellant definitely locates a representation of street intersections at the crossing of the central lines provided by him, which is not true of Marshall; (2) appellant numbers his lines in both directions from the center lines, whereas Marshall numbers and letters his lines from the upper left-hand corner of his chart; and (3) appellant discloses movable angular members to represent curb corners which Marshall does not show, but which, as has been stated, are shown by both Furber and Harrington.

The particular feature most earnestly emphasized before us on behalf of appellant

is that of the central point of intersection and the numbering of the lines therefrom.

Careful consideration has been given to the arguments respecting these features and their relation to other features in the combination, but we are not convinced of error in the conclusion reached by the tribunals of the Patent Office. We are unable to see wherein the application of appellant's particular form or method of applying numbers to the lines constitutes invention over the prior art, or renders his product patentable.

The decision of the Board of Appeals is affirmed.

Affirmed.